Okay, Mr. Gibson. Thank you, Judge. May it please the Court. Good morning, Judges. My name is George Gibson, and I'm with Nathan Summers Jacobs in Houston. We represent Harris County Water Control and Improvement District No. 89, which is a political subdivision of the state of Texas. And as such, when it executes public construction projects, it's required by statute to obtain payment and performance bonds to cover the project at issue. This particular appeal is from a summary judgment granted by the Court below. And in that summary judgment, we believe she makes several fundamental errors. And in general, the complaints that we will present today and have presented in our briefing, I would say, stem from two broad categories. One is the inability of the surety to withstand its summary judgment based upon basic summary judgment standards. In other words, that the Court made certain findings that were clearly disputed facts, that should have gone to a fact finder as opposed to finding them as a matter of law. Number two, the judge also applied law that is not the law in Texas, and I'll explain those as briefly as I can. So you're going to tell us whether we're making an eerie guess here or whether the law is already well established? Judge, I believe the law is well established. I do not believe that you would be making an eerie guess. Well, I mean, you can address that whenever you want to. I just want to be sure that you're going to tell us that this is not an eerie guess. Yes, Judge. Yes. Thank you. So, just as to the summary judgment standard, what Judge Rosenthal found below was that there was a difference in two forms of contract, and therefore, because there was a difference, a surety as a matter of law is discharged from its obligation. In all construction projects, not just public construction projects, they're very complicated scenarios. They're not just a five- or ten-page document the parties sign, and that's your contract. All construction projects are encompassed by oftentimes a set of terms and conditions, a set of plans, a set of specifications. In this case, there's bonds. Other documents like that. There was ... If the difference was enough to make it a different contract, then why would you have to even have the material alteration standard in Texas law? That's precisely correct, Your Honor, and any difference at all, what was traditionally called, I don't know if I always pronounce this correctly, strictissimi juris, or strict construction as I would translate it, is gone in Texas. That may have been the case decades ago that all a surety had to do was point out one change, and therefore, they're discharged kind of like contributory negligence used to be. You get 1% on the plaintiff and you're not the law. All of the cases, they do have this broad form statement that the surety relies upon that says that the surety is only charged to the contract that they bonded. They all have that general proposition, but every case, usually in the same paragraph in those cases, such as Vasteen as one case, for example, then goes on to perform a material alteration analysis, and it's whether or not the change is material to the contract. Some of the cases state that it has to show prejudice. Some of the cases say it has to be increased risk. They're not entirely consistent on that point. Ultimately, are we just trying to determine the intent of the parties as to whether it was a new contract? That is how I believe both the surety and the district court bought into it to get around the fact that, one, the surety waived its material alteration defense. They dropped it before summary judgment. It had been pled initially. The judge ordered them to amend there. They had put like 30-some-odd affirmative defenses at the initial conference. She said, you need to look at those and get rid of the ones that don't really apply. They got rid of material alteration. Then, when they came in for summary judgment, since they couldn't argue material alteration, they then came up with this new defense that said, oh, well, it's a brand-new contract. First of all, that would be a fact issue anyway, Judge. What do you do with the fact that the new agreement used a different template or a set of different templates from the original contract? Judge, I think that if they believe they can make a case that somehow the changes in the contract meant today that they were de minimis. They're changing in wording, not in substance, but that's not before us today. That was up to a fact finder to find whether or not the change in how you worded notice requirements and how you worded termination, the change in whether or not the contract was going to be overseen by an architect versus an engineer. Those aren't axiomatically prejudicial to surety. You can't presume that they were prejudicial. That would need to go to a fact finder as to whether or not those were really material changes if you're going to apply that standard, even though they waived it. In this case, the judge just found. In her original summary judgment memorandum and opinion, she went through the arguments of the parties, and then on page 12, she said, but the terms differed, and so therefore, I'm going to find that the surety is discharged. On the last page of her opinion, she said the same thing. Then on reconsideration, the order says, well, it's a new agreement, which really hadn't explicitly been found. I think it was implied in her initial summary judgment order, but then she said it's a new agreement. Again, the reason why we brought up novation, and they criticized us for bringing it up on appeal, but because the idea of it being a new agreement really wasn't in the judge's previous order. In order to have a novation, there's also a factual standpoint where the court has to look at, well, is it a modification, or is it a brand new agreement intended to completely substitute for the previous one? That can't be the case here, because it was always the same building, the same set of plans. Importantly, the same contract price, the same contractor, the same specifications. Everything was the same. It was just some general terms and conditions changed. Counsel, I'm wondering why it's not just a federal rule of civil procedure case. I take your point about the motion for summary judgment that your friends on the other side filed, and I also take your point about the amended answer. In the amended answer, they say nothing obviously about novation. They say nothing about material alteration. And then the MSJ that they filed just says new contract, which I'm not sure what the legal standard is for new contract if it's different than material alteration or novation. And so it sounds like, what looks like to me is going on in this case is that we are litigating a legal issue that is not raised in the, or an affirmative defense, that's not raised in the affirmative, I'm sorry, in the answer, amended answer. And so it's just a, I don't, it's a legal ground that's not really presented in the case. Judge, I agree with you and that's why that was, first of all, the first thing that I said was it's essentially a summary judgment case where the judge found facts that were clearly in dispute and weren't just conclusively proven by the other side. And so I agree with that. I also agree with you, and we raised all this both below and in our briefing, that they waived this defense. And what they're trying to do is after having waived material alteration, because, and I'm sorry, Judge, I'm going a little bit into the facts, but the face of the bond itself says that they waive any change. And the case law says that a surety may consent to changes in the contract that they bond. And so, you know, whether or not that was intended to form it, those are all, I think, fact questions, that summary judgment is improper. And I also agree on the pleading issue, that they waived it and so, therefore, to grant summary judgment on that was improper. It's a little bit, while I'll confess, we were a little bit stymied below because we were briefing things based upon what they had pled, but it turned out that the judge found things that they hadn't pled. And we did our best, but, you know, and we did raise a couple issues on reconsideration. If this were, in fact, a pleadings problem and all these things are waived, all these things, it's a summary judgment case. I mean, I guess it is a summary judgment case. We're not going to go back and find facts on these things. It's just going to be over. You would just win. Isn't that right? That's right, Judge. Although I would, I'm not asking you to render because I think that probably it would be better to get remanded. I mean, I would like you to render, but I think realistically it would be best to reverse it to say the summary judgment was improper. I'm not foreshadowing. I'm just following the theory of the pleadings defect that you can't even be raising these other, this roundabout of, you know, novation and a new contract. Yes, Judge. If you were, and I'm not foreshadowing either, if you were to reverse, we would go to the judge below and ask either to give us a trial or to grant judgment on our behalf because they've waived these defenses, one of the two, and she would need to decide which way to go. And I've reserved the last five minutes for reply if that's all right. Yes, you have saved time for both, Mr. Gibson. Thank you. Mr. Bernstein? May it please the Court? My name is Justin Bernstein and I represent the Appellee Philadelphia Indemnity Insurance Company, who I will refer to as the surety. I'd like to begin first with a critical point that I think can decide this case. Then I plan to address the agreement to changes that the district raised, and then I plan to answer some of the questions that came out and do point to important issues in this case. So the critical issue that could reach a decision in this case is that the bond bonds the 2015 contract. That's the only bond issue in this case, and it has that September 17, 2015 date. In contrast, the petition that is at issue in this case, that petition sues only for the 2016 contract, not the 2015 contract. So it's important to focus on this appeal is, was it appropriate to dismiss claims that allege that the 2016 contract was not performed, and that the surety is responsible for that, even though it only bonded performance of the separate contract or was novated into 2015, or whether it's somehow the same. I mean, that's ... Right. And Judge Smith brought up a key point, which is, shouldn't we look at the intent of the parties? And here there is no fact issue about the intent of the parties. I agree that's an important guidance for us. Here everything points to the fact that before it became inconvenient in litigation, everything that the district did and the other parties did showed that they intended for this to be a new contract. So ... In order to win on that argument, don't you need to show us what you call the 2016 contract, what your friends call the 2016 amendment? Is it a standalone agreement? Well, when I say standalone, and I realize that the appellant's reply gets into that, I'm not saying that it literally doesn't reference any other documents. What I'm saying is the parties intended it to be distinct from the 2015 agreement. And you mentioned whether it's an amendment. Unlike any other contract that I've seen that amends, it does not say that it's an amendment. So in the E. Hills case, it was described as a supplement. Here, not only is it not called an amendment, I understand magic words don't make something if it's an amendment. No. The answer is no. No one would do that. Because it doesn't even refer back to the 2015 agreement. That's interesting. Let's pause right there, because ... Let's sit and grapple with it together, and you can help me understand how it doesn't refer back to the 2015 agreement. So I'm looking at the 2016 section 00510 agreement, and it says, for example, that the contractor Mr. Furnish blah blah blah blah blah for the construction and completion quote of the project described herein. So where in the 2016 contract is the quote project described herein? Okay, so this gets to the question of the difference between a contract, which is a meeting of the minds and an actual agreement, versus the existence of documents. There can be form documents, templates that an organization uses over and over again. Those are not the contract. That's not a template. It says the project described herein. That's not a template. That's the 2015 agreement that talks about the project. There are documents that both the 2015 contract and the 2016 contract use, but the 2016 contract is not referring back to the 2015 contract. It doesn't say ... Herein. Isn't that a reference, that word herein? It's not in another document. If it's herein, it's the contract that it's always been. Well, let's take this to its logical conclusion. If merely incorporating the forms and templates that were used makes it a mere change and makes us liable, that means that ... And if you look at these forms, many of them are just templates and can be reused. That means if 20 years from now the district uses these forms again and they refer back to the project manual or any part of the project manual, that my client would be liable. The point is, this isn't an amendment. Amendment would say ... First of all, it would be called an amendment. Then it would say the following paragraphs or sections of the 2015 contract are changed to the following. Now, it does use some of the same documents, but it's not starting with the 2015 agreement, using contract as the actual agreement, and then changing it. Okay. Let's talk about that one. The contractor agrees to perform all the work ... I'm reading for the 2016, what you call the contract, the 2016 document, ROA 530. The contractor agrees to perform all work described in the contract documents. Obviously, that has to go back to the 2015 agreement to find those, and comply with the general terms of the total amount of exactly the same contract price, 1.38 million, et cetera, et cetera, et cetera, as shown in the proposal bid attached here, too. So, where in the 2016 contract, if this really is separate and is not referring back to any other prior agreement and that you really are shocked and surprised that this exists, where would I look in the 2016 agreement to find the, quote, proposal bid attached here, too? So, that bid and those bid documents, I guess, I'm not saying that this 2016 contract doesn't rely on some of the same documents. I'll go back to, you can have two separate contracts that both rely on some of the same documents. But this isn't relying on, like, a template. I mean, some of these are. The contract documents, for example, refers back to the manual, but the proposal bid with the exact same price term, that's the 2015 agreement. Well, the bid, by itself, isn't the agreement. It was the actual bid and the acceptance, and the documents incorporated. What I'm saying is that's not referring back to some sort of template documents, like the 600-page, you know, contracting manual. That's referring to, like, literally this project. This particular project. And we didn't bond a project. We bonded performance of the obligations of the 2015 contract. And then you waived any change, alteration, or notice thereof to the terms of the 2015 contract. So, really, in order, I understand your point, which is, in order to win, you really need to show, as the district court found, that the 2016 single page stands on its own, separate in part from the 600 pages, or whatever it was, from 2015. And so what I'm trying to understand is how you can make your, it's a standalone agreement argument, when looking at the one-page change, it continually refers back to the 2015 agreement, over and over and over again. We can keep going through examples, but I think you understand the concern. Well, right, I agree with that, though I don't think it refers back to the actual agreement. Again, I think it refers to the fact that if you're, if you're chosen to make a new contract, if you're, the alternate interpretation would be parties can't decide that they want to make a new, a new contract. Here, there's a, the architect was a signatory to the original contract. Here, they're not a signatory. They throw out all the rules for, for the process of construction. So they decided, I'm not saying, I'm telling you that this is a new contract. They decided when they sued, when the district sued, it sued for breach of the 2016 contract. And so they themselves are treating the 2015 contract as gone. And they're saying that they're suing about the 2016 contract. And, and you asked about changes and that, that is a crux of this case. So in, so on the one hand, you have the intent of the parties, which is shown throughout in the way it was, it was structured in the petition itself, in the notice to proceed. The notice to proceed doesn't say, go ahead and perform all your duties under the documents you signed in 2015 and 2016. It only mentions 2016. But the other argument is, let's look at the contracts themselves. And the, if you look at the 2015 contract in the AIA documents, you'll see what the parties meant by change. So there in section 7.1.1, there's a list of changes. It's change orders, change directives, and a minor change approved by the architect. And that's what is shown in the contract. And that's what's understood in the industry. That is a change. So in the record, you'll see around page 1,000, there is an example of a change order, a change order to add some, some sidewalk. So when you're trying to look at the intent of the parties, what does change mean? It means one of those three things. And an alteration is a type of change that's not done by the contractor. And that makes sense. Because if you think about it, okay, the surety was comfortable allowing some changes without seeing the exact changes. That's how the industry works. There's going to be tweaks to what color paint is used. And they were comfortable because the contract provided a process for changes. So a change order goes through a specific process. It's approved by the architect. And it changes the price that goes to the contractor. It may ultimately flow to the surety. That's why they could blindly accept changes. They didn't accept any, any change, changes to the process for changing. Of course, a change, if, if you're unbind, if you're not binding it by what the contracts meant and said, then anything could be changed into anything else. I could start with any document and I could reach another agreement, but that's not. So I understand that. And I can understand then why Texas law provides the material alteration defense. Because if the point that you're trying to make is that, well, we consented to some changes, but not this crazy change. This is radical to substitute one page into 600 pages. Then, okay, you raise the material alteration defense, but which you did quite, quite understandably in the original answer. But then you dropped it in the amended answer and you say nothing about it in motion for summary judgment. So I don't, I'm not sure how far you can go if it's not properly pled. So, yeah, so I can address that. I'll just first say that material alteration is about the types of changes I was talking about. Something like, something that actually is contemplated in the insurance industry. We're talking about an entire, they chose to sign a new document that restated everything. But to your about what was waived. So when a party wants to survive summary judgment, they have to show some evidence of the elements of their claim. So if you put in your petition, here was a construction contract. There was a bond by the surety and Walmart is liable. Walmart doesn't need to raise affirmative defense. They say you haven't pled, you haven't shown anything to support our liability. That's not an affirmative defense. And that's what happened here. We're saying there's nothing here. You're suing on a 2016 contract. You have not shown any evidence that we're liable for that. And so therefore your claims should be dismissed. And that's why we, we don't need to have an affirmative defense saying that. It's, they didn't show that they have a entitlement to recovery. But if they show that the two, which I guess it all goes back to where we started, which is if they show that the 2016 single page document that we've been discussing this morning is just an amendment or change or a substitution of some terms of the section 00510 term from the previous contract, then you've waived everything else, right? Because you're totally right that you can't sue a party who's not a party to a contract. But if they can show that you are a party to the 2015 contract, and this is just an amendment to the 2015 contract, then everything else is waived, right? I'd have to think about if everything else is waived, but I agree that the main path that I've been focusing on is that we can get this dismissed and you can uphold dismissal if this was not a mere change as contemplated by the parties. And, and, and I do think it's important when we're talking about contracts to go back again, the, the contract, the parties are supposed to be able to achieve what they want to achieve with their agreement. We don't need, you don't even need to second guess, well, you know, what was the extent of the change. The parties themselves felt it was different enough that they wanted a new contract. And I understand that if you look at it, it's only one page, but I do think if you think through what it would mean that the fact that many agreements refer back to other documents, but yet they are a standalone agreement and they didn't, this isn't, and again, if you look at the it states the price, it states the parties, it states the building, everything about it is structured as if that was intended to replace the prior documents. Well, it's true that sometimes document, sometimes agreements refer to other documents and they would say those documents over there. But if they say the documents that are here, they must be within the document. Here too attached. We've already determined that it says that in multiple times, here too. And there is no here too. There, there is nothing that is part, been incorporated in it under your terms because there is no here too attached. And the only way it could be that they were here too attached is if the 2015 is still part of it because then it's all still here too. So can you help me with that fundamental problem with the language itself in what you call the 2016 stand agreement? So, so some of the documents that were in the 2015 contract are here still, they, they still want to incorporate. But they're not, they did not attach them to the, the only here too within the other document. Well, there's a, there's a project manual that the contractor was very familiar with and that contains many of the documents that, you know, include the access to it. They, they represented that they had reviewed it carefully. So I still think it's, it would make perfect sense to say those documents are here. The documents that we've, that we had previously discussed with you are here too. And here's a new agreement that you're signing on a new date, six months later because we need a new agreement. But they're not attached here too. I'm not aware that there's record about whether it was literally attached to it. So basically you think it doesn't matter that it's not here, it's there. For the purposes, well, because it's, it must be important because, you know, we're discussing it. I think that whether or not it was, it was literally attached, I don't think that affects whether they intended to make a new agreement. They may have wanted to reuse some of the same documents, but they wanted something new. They wanted to start over again. All right. Thank you, Mr. Bernstein. Thank you. Gibson, forward bow. Thank you. Just a couple points, but if I could start off with Judge Elrod's question, the last thing that was discussed. I think the reason why there's this reference to attached here too is because all of these were forms included in a project manual. And the project manual, I mean I didn't bring the whole thing, it's about two inches thick because it includes a whole bunch of technical specifications that aren't really important for us. But what is important for us is the reason why we've talked about the section 00510 is because included within the project manual, and this is in the record, it's a form that's included with it. And so when it makes a reference in a document to include it here too, it's talking about the whole project manual. And that's, just to explain, that's where that comes from. And that's exactly why the language that I, if I remember correctly, I think it was Judge Oldham, read to counsel from the 2016 document that was signed that clearly refers back to the bid package and the amount of the, it incorporates all of those things. Another, just, this is to counter the argument that this is clearly a new contract. In public construction projects, it's not that dissimilar to a private construction, but in public it's regulated by statute. And this district is supposed to issue notices to bidders to the entire public. They have to issue a project manual. They have to issue a set of plans. So the whole world has the opportunity to bid. That's, we don't, it's to prevent from secret bidding and secret contracts. And so we have to put everything out. They submit formal bids, and then you issue a notice to proceed, I'm sorry, a notice of acceptance, which is what they, they agree that that forms the first agreement, if there is a second one, but the September agreement, because it incorporates everything. And all that they did, and that's why we believe it's not a new agreement, but at least there's a fact issue as to whether it's a new agreement, is because all they did was take one of these forms and switch it out with a new form. Whether that's material, whether that prejudiced them, whether that obviously didn't. But if it did, that's up to a fact finder to decide. They argue repeatedly that everybody agreed this was a new agreement. Is there anything in the record, if once we go, and if we haven't already, but we probably, we have studied it already, but is there anything that would say where your client is admitting that it's a new agreement? Is there some, where, you know, there's some smoking gun document where there's some agreement by your client that it's a new agreement? The answer is no, Judge, and I would have two substantive answers to it. One is that the face of the, the substituted Section 00510 document that was signed in March of 2016 clearly incorporates, and this goes back to Judge Holden's point, clearly incorporates all the other documents as a substitute. There is one set of, one testimony, a question and an answer that they asked our corporate representative, the President of the Board, and she was shown two different documents, one form of the, you know, the AIA general conditions, and these are the general conditions that actually were substituted, and she said, oh yeah, I guess that replaced that one. And so they, they took that and said, oh see, they admit that this was a replacement. And so you ask for a smoking gun, I think that's the evidence they have. Was the word used replacement? It wasn't new contract? No, Judge, I believe, memory from the briefing, I think the word was replace, but it definitely was not new contract, and she was merely at the deposition showing two different documents. Oh yeah, this one replaced that one. It wasn't a new contract, it wasn't, it really can't be a new contract because it refers back to the bid documents, the plans, the, those are, that's the key to everything. You know, and so everything else is just a fact issue, and I'm, I'll move on from this point unless there's other questions about it. I also wanted to hit briefly on this issue because the argument continues to bleed into a material alteration argument because counsel said something to the effect of, you know, well, these, these provisions in the bonds that say that we consent to changes are really supposed to apply to change orders where you're changing some driveway or whatever the case may be, and of course they apply to that. This one is much broader than that. This one says that no change, extension of time, alteration, or addition, and this is important, to the terms of the contract or the work performed there under, or the plan specifications or drawings. So to argue that, well, this is, that waiver of consent or that consent in advance is just a, I'll just, if I could finish my point, Judge, it is just a consent to change orders, it's just not valid on the face of the document. Thank you. Thank you, Mr. Gibson. The case and both of today's cases are under submission. Court is in recess under the usual order. Thank you.